IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH SOULIER,

                                  Petitioner,

    v.

RICK RAEMISCH and J.B.
VAN HOLLEN,

                                  Respondents.

ORDER

10-cv-677-wmc

---

On November 4, 2010, petitioner Joseph Soulier filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and paid the $5.00 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Soulier is challenging his May 8, 2006 conviction on one count of felon in possession of a firearm. He contends that (1) his Fourth Amendment rights were violated when his home was searched pursuant to a warrant that had been signed by a tribal judge, rather than by a state court judge, and (2) his equal protection rights were violated because other warrants are signed by a state court judge. Both constitutional claims appear dubious at best, but Soulier will have to provide additional information before this court can even decide if the issues have been preserved and are ripe for federal court review.

FACTS[1]

On July 15, 2006, petitioner Joseph Soulier was charged with one count of felon in possession of a firearm and one count of disorderly conduct. He was appointed a public

---

[1] The following facts are drawn from the petition and a review of the state circuit and appellate court's electronic docket sheets, available at http://wscca.wicourts.gov.

defender. On September 27, Soulier's lawyer filed a motion to suppress the evidence seized in a search authorized by a tribal warrant. A suppression hearing was held before a state circuit court judge, and he denied the motion to suppress.

After pleading no contest, Soulier was found guilty of one count of felon in possession of a firearm in Bayfield County Circuit Court on May 8, 2008. Though the disorderly conduct was read in and dismissed; this court is unable to determine if Soulier's plea was conditional on his right to appeal the denial of his suppression motion. (Case No. 2006-CF-0071). Soulier was sentenced to one and a half years, to be followed by three and one half years on extended supervision. He is currently serving the extended supervision portion of his sentence.

A notice of appeal was filed on December 18, 2008. (Case No, 2008-AP-3218). Soulier's attorney filed a no merit brief on March 6, 2009, and Soulier filed a response on April 2, 2009. On June 23, 2009, the Wisconsin Court of Appeals summarily affirmed Soulier's conviction. The Wisconsin Supreme Court denied Soulier's petition for review on November 3, 2009.

OPINION

A federal court may not review the merits of a claim raised by a state prisoner in a habeas petition unless the petitioner has (1) exhausted all remedies available in the state courts, and (2) fairly presented any federal claims in state court first. *Lemons v. O'Sullivan*, 54 F.3d 357 (7th Cir. 1995). In *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the United States Supreme Court held that in order to comply with the exhaustion requirement,

a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." This means that state prisoners must seek discretionary review of their claims in the state's highest court provided "that review is part of the ordinary appellate review procedure in the State." *Id*. at 847. Thus, in Wisconsin, a prisoner seeking federal habeas review must first complete the state appellate review process by presenting his claims on direct appeal to the state court of appeals and then to the state supreme court in a petition for review. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Failure to seek such review constitutes a procedural default.

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner demonstrates (1) cause for the default and actual prejudice, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). To meet the "cause" requirement, there must have been some external impediment that prevented petitioner from raising the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In his petition, Soulier states that the claims raised in his direct state appeal and to the Wisconsin Supreme Court are the same issues presented in this petition. He has not, however, submitted either the briefs on appeal or the decision of the court of appeals, and the court cannot tell from the electronic record whether Soulier presented the two claims he raises in this petition to the Wisconsin Court of Appeals and whether the court of appeals denied the claims on the merits. Nor can it tell, as noted, whether these issues have been preserved for appeal at the time of his plea. If, in fact, he has failed to present and preserve his Fourth Amendment and Fourteenth Amendment equal protection claims to the state court, and no further remedies

are available to him, this court may ne barred from reaching the merits at all.

Accordingly, the Court will require Soulier to provide documentation to show what claims he raised in his petition including counsel's "no merit" brief and any other briefs petitioner submitted to the Wisconsin Court of Appeals and Supreme Court on petitioner's behalf, as well as any other documentation that the court of appeals denied his claims on the merits.

In addition, Soulier should include information as to why his Fourth and Fourteenth Amendment claims are not barred. Petitioner cites no authority for the propositions that: (1) the tribal judge may not issue a search warrant for a home on tribal lands; (2) a circuit court may issue a search warrant for a home on tribal land; (3) the action of a tribal judge are not entitled to full faith and credit in state circuit court; or (4) the Fourth Amendment renders searches and seizures by properly issued tribal warrant invalid, much less requires suppression of evidence obtained. Moreover, in *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), the United States Supreme Court held that where the state has provided an opportunity for the full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence used against him had been obtained in an unconstitutional search or seizure. The Court concluded that, "in this context, the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of application of the rule persist with special force." *Id*. at 494-95. Here, it certainly appears from the petition that Soulier had the opportunity to litigate his Fourth Amendment claims in the state trial court.

Similarly, petitioner cites no authority for the proposition that his Fourteenth

Amendment equal protection rights were violated. To prevail on his "class of one" equal protection claim, Soulier would have to show that (1) he was intentionally treated differently frm other similarly situated individuals, and (2) there is no rational basis for the difference in treatment. *Martin v. Shawano-Gresham School District*, 295 F. 3d 701, 712 (7th Cir. 2002 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Soulier should submit the information requested not later than February 15, 2011. Once received, the court will consider it and proceed to determine whether petitioner may proceed under § 2254. Petitioner's failure to provide this information timely will result in summary dismissal for failure to prosecute.

## ORDER

IT IS ORDERED that petitioner Soulier submit the information described above not later than February 15, 2011.

Entered this 12th day of January, 2011.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge